**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Garcia-Rebollar,<br><br>   Petitioner,<br><br>vs.<br><br>The United States of America,<br><br>   Respondent. | No.  CR 01-17-PHX-JAT<br>    CV 05-842-PHX-JAT (LOA)<br><br>**ORDER** |

On March 18, 2005, Petitioner Garcia-Rebollar filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. On August 30, 2005, Magistrate Judge Anderson issued a Report and Recommendation recommending that the Petition be denied as barred by the statute of limitations (Doc. #308). On September 19, 2005, Petitioner filed objections to the Report and Recommendation (Doc. #310).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed, the Court will review the Report and Recommendation *de novo*.

1  Petitioner, in his objections, does not argue that his Petition is timely. Instead, he
2  argues that his claims are the kind of claims that should never be barred by the statute of limitation.
3  First, having reviewed the Report and Recommendation *de novo* the Court agrees with
4  the conclusion of the Magistrate Judge that the Petition is untimely. Report and
5  Recommendation at 2-4. Second, the Court agrees with the Magistrate Judge that Petitioner's
6  claims of lack of legal skill do not present a basis for equitable tolling of the statute of
7  limitations. Report and Recommendation at 5-6. Therefore, the Court agrees with the
8  conclusion of the Report and Recommendation that the Petition is untimely.
9  Turning to Petitioner's objection that he has the type of claims that are never subject
10 to being barred by a statute of limitations because of things including "international treaty"
11 (Objections at 6), the Court overrules any objection premised on the theory that there are
12 certain types of claims which are exempted from a statute of limitations analysis. Moreover,
13 even if the Petition was not barred by the statute of limitations, it fails on the merits.
14 Specifically, Petitioner, on collateral review, is arguing that he should be re-sentenced
15 as a result of "*Blakely, Booker* and etc." Objections at 6. The Ninth Circuit Court of Appeals
16 has held that *Blakely v. Washington*, 124 S.Ct. 2531 (2004) does not apply retroactively to
17 cases that were not on direct appeal at the time of the decision. *See Cook v. United States*,
18 386 F.3d 949 (9th Cir. 2004). Because *United States v. Booker*, 125 S.Ct. 738 (January 12,
19 2005) is an extension of *Blakely* which is an extension of *Apprendi v. New Jersey*, 530 U.S.
20 466 (2000) and both *Blakely* and *Apprendi* have been held to not be retroactive (*see Cook v.*
21 *United States*, 386 F.3d 949 (9th Cir. 2004) (*Blakely*) and *United States v. Sanchez-Cervantes*,
22 282 F.3d 664, 671 (9th Cir. 2002) (*Apprendi*)); the Court also finds that *Booker* is not
23 retroactive to cases that were not on direct appeal at the time *Booker* was decided. Moreover,
24 even after *Booker* was decided, the Ninth Circuit Court of Appeals has still held that *Blakely*
25 was not retroactive to case that were not on direct appeal. *See Cooper-Smith v. Palmateer*,
26 397 F.3d 1236, 1245-46 (9th Cir. Feb. 16, 2005). By analogy, *Booker* is also not retroactive
27 to cases not on direct appeal. *See also United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).
28 Accordingly, the Petition also does not present a basis for relief on the merits.

1  Therefore,

2  **IT IS ORDERED** that the Report and Recommendation (Doc. #308) is accepted and
3  adopted; the objections (Doc. #310) are overruled, the Motion under 28 U.S.C. § 2255 (Doc.
4  #295) is denied; this case is dismissed because it is barred by the statute of limitation,[1] and
5  the Clerk of the Court shall enter judgment accordingly.

6  DATED this 3rd day of November, 2005.

_____
James A. Teilborg
United States District Judge

---

[1] And, in the alternative, because the Petition fails on the merits.